IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ANTHONY FRANCHI, Individually and On Behalf of All Others Similarly Situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 2:17-cv-961 ) ) JURY TRIAL DEMANDED |
| BOB EVANS FARMS, INC., DOUGLAS N. BENHAM, CHARLES M. ELSON, MARY KAY HABEN, DAVID W. HEAD, KATHLEEN S. LANE, EILEEN A. MALLESCH, LARRY S. MCWILLIAMS, KEVIN M. SHEEHAN, J. MICHAEL TOWNSLEY, MICHAEL F. WEINSTEIN, PAUL S. WILLIAMS, POST HOLDINGS, INC., and HAYSTACK CORPORATION, | ) ) CLASS ACTION ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1. This action stems from a proposed transaction announced on September 19, 2017 (the "Proposed Transaction"), pursuant to which Bob Evans Farms, Inc. ("Bob Evans" or the "Company") will be acquired by Post Holdings, Inc. ("Parent") and Haystack Corporation ("Merger Sub," and together with Parent, "Post").

2. On September 18, 2017, Bob Evans' Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Post. Pursuant to the terms of the Merger Agreement,

shareholders of Bob Evans will receive $77.00 per share in cash for each share of Bob Evans common stock.

3. On October 24, 2017, defendants filed a proxy statement (the "Proxy Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4. The Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Proxy Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Bob Evans common stock.

9. Defendant Bob Evans is a Delaware corporation and maintains its principal

executive offices at 8111 Smith's Mill Road, New Albany, Ohio 43054. Bob Evans' common stock is traded on the NasdaqGS under the ticker symbol "BOBE."

10. Defendant Douglas N. Benham ("Benham") has served as a director of Bob Evans since 2014 and as Executive Chair of the Board since 2015.

11. Defendant Charles M. Elson ("Elson") has served as a director of Bob Evans since 2014.

12. Defendant Mary Kay Haben ("Haben") has served as a director of Bob Evans since 2012.

13. Defendant David W. Head ("Head") has served as a director of Bob Evans since 2014.

14. Defendant Kathleen S. Lane ("Lane") has served as a director of Bob Evans since 2014.

15. Defendant Eileen A. Mallesch ("Mallesch") has served as a director of Bob Evans since 2008.

16. Defendant Larry S. McWilliams ("McWilliams") has served as a director of Bob Evans since 2014.

17. Defendant Kevin M. Sheehan ("Sheehan") has served as a director of Bob Evans since 20014.

18. Defendant J. Michael Townsley ("Townsley") has served as a director, President, and Chief Executive Officer ("CEO") of Bob Evans since May 2017.

19. Defendant Michael F. Weinstein ("Weinstein") has served as a director of Bob Evans since 2014.

20. Defendant Paul S. Williams ("Williams") has served as a director of Bob Evans

3

since 2007.

21.     The defendants identified in paragraphs 10 through 20 are collectively referred to herein as the "Individual Defendants."

22.     Defendant Parent is Missouri corporation and a party to the Merger Agreement.

23.     Defendant Merger Sub is a Delaware corporation, a wholly-owned subsidiary of Parent, and a party to the Merger Agreement.

## CLASS ACTION ALLEGATIONS

24.     Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of Bob Evans (the "Class").  Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

25.     This action is properly maintainable as a class action.

26.     The Class is so numerous that joinder of all members is impracticable.  As of August 25, 2017, there were approximately 19,947,623 shares of Bob Evans common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

27.     Questions of law and fact are common to the Class, including, among others: (i) whether defendants violated the 1934 Act; and (ii) whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

28.     Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature.  Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class.  Accordingly, plaintiff is an adequate representative of the Class and will fairly and

adequately protect the interests of the Class.

29. The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

30. Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class. Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

*Background of the Company and the Proposed Transaction*

31. Bob Evans is a leading producer and distributor of refrigerated potato, pasta, and vegetable-based side dishes, pork sausage, and a variety of refrigerated and frozen convenience food items under the Bob Evans and Owens brand names.

32. On September 18, 2017, the Individual Defendants caused the Company to enter into the Merger Agreement, pursuant to which the Company will be acquired by Post.

33. The Individual Defendants have all but ensured that another entity will not emerge with a competing proposal by agreeing to a "no solicitation" provision in the Merger Agreement that prohibits the Individual Defendants from soliciting alternative proposals and severely constrains their ability to communicate and negotiate with potential buyers who wish to submit or have submitted unsolicited alternative proposals.

5

34. Further, the Company must promptly advise Post of any proposals or inquiries received from other parties.

35. Moreover, the Merger Agreement contains a highly restrictive "fiduciary out" provision permitting the Board to withdraw its approval of the Proposed Transaction under extremely limited circumstances, and grants Post a "matching right" with respect to any "Superior Proposal" made to the Company.

36. Further locking up control of the Company in favor of Post, the Merger Agreement provides for a "termination fee" of $50 million payable by the Company to Post if the Individual Defendants cause the Company to terminate the Merger Agreement.

37. By agreeing to all of the deal protection devices, the Individual Defendants have locked up the Proposed Transaction and have precluded other bidders from making successful competing offers for the Company.

38. The merger consideration to be provided to plaintiff and the Class in the Proposed Transaction appears inadequate.

39. Among other things, the intrinsic value of the Company is materially in excess of the amount offered in the Proposed Transaction.

40. The analyses performed by the Company's own financial advisor, J.P. Morgan Securities LLC ("J.P. Morgan"), yielded per share values for Bob Evans substantially higher than the merger consideration. For example, J.P. Morgan's *Discounted Cash Flow Analyses* yielded per share values for Bob Evans as high as $94.25.

41. Additionally, Individual Defendant Elson voted against approval of the Proposed Transaction. As set forth in the Proxy Statement, Elson "was not convinced the merger consideration was greater than the value that could be realized through the continued execution

of Bob Evans' current strategic plan and/or through a sales process initiated after the passage of more time following the sale of the Bob Evans Restaurants business, and that the quality of the board's process leading up to the merger did not convince him otherwise."

42. Accordingly, the Proposed Transaction will deny Class members their right to share proportionately and equitably in the true value of the Company's valuable and profitable business, and future growth in profits and earnings.

*The Proxy Statement Omits Material Information, Rendering It False and Misleading*

43. Defendants filed the Proxy Statement with the SEC in connection with the Proposed Transaction.

44. The Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading.

45. First, the Proxy Statement omits material information regarding Bob Evans' financial projections and the analyses performed by the Company's financial advisor, J.P. Morgan Securities LLC ("J.P. Morgan").

46. With respect to Bob Evans' financial projections, the Proxy Statement fails to disclose: (i) interest; (ii) taxes; (iii) depreciation; (iv) amortization; (v) impairments; (vi) change in working capital; (vii) capital expenditures; and (viii) a reconciliation of all non-GAAP to GAAP metrics.

47. With respect to J.P. Morgan's calculation of unlevered free cash flows for Bob Evans, the Proxy Statement fails to disclose J.P. Morgan's basis for subtracting depreciation and amortization, and then adding depreciation and amortization back in.

48. With respect to J.P. Morgan's *Discounted Cash Flow Analyses*, the Proxy Statement fails to disclose: (i) the range of terminal values for Bob Evans; and (ii) the inputs and

7

assumptions underlying the range of discount rates of 6.50% to 7.50%.

49. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion. Moreover, when a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

50. The omission of this material information renders the Proxy Statement false and misleading, including, *inter alia*, the following sections of the Proxy Statement: (i) Background of the Merger; (ii) Reasons for the Merger; (iii) Recommendation of the Bob Evans Board of Directors; (iv) Certain Prospective Financial Information; and (v) Fairness Opinion of J.P. Morgan Securities LLC.

51. Second, the Proxy Statement omits material information regarding potential conflicts of interest of the Company's officers and directors.

52. Specifically, the Proxy Statement fails to disclose the timing and nature of all communications regarding future employment and directorship of Bob Evans' officers and directors, including who participated in all such communications, including when Post first expressed its interest in potentially retaining officers and/or directors of the Company.

53. Communications regarding post-transaction employment during the negotiation of the underlying transaction must be disclosed to stockholders. This information is necessary for stockholders to understand potential conflicts of interest of management and the Board, as that

information provides illumination concerning motivations that would prevent fiduciaries from acting solely in the best interests of the Company's stockholders.

54. The omission of this material information renders the Proxy Statement false and misleading, including, *inter alia*, the following sections of the Proxy Statement: (i) Background of the Merger; (ii) Reasons for the Merger; (iii) Recommendation of the Bob Evans Board of Directors; and (iv) Interests of Bob Evans' Directors and Executive Officers in the Merger.

55. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to Bob Evans' stockholders.

## COUNT I

### Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Bob Evans

56. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

57. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. Bob Evans is liable as the issuer of these statements.

58. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

59. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

60. The omissions and false and misleading statements in the Proxy Statement are

material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

61. The Pro Statement is an essential link in causing plaintiff and the Company's stockholders to approve the Proposed Transaction.

62. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

63. Because of the false and misleading statements in the Proxy Statement, plaintiff and the Class are threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants and Post

64. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

65. The Individual Defendants and Post acted as controlling persons of Bob Evans within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or directors of Bob Evans and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

66. Each of the Individual Defendants and Post was provided with or had unlimited access to copies of the Proxy Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the

10

statements or cause them to be corrected.

67. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly in the making of the Proxy Statement.

68. Post also had direct supervisory control over the composition of the Proxy Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Proxy Statement.

69. By virtue of the foregoing, the Individual Defendants and Post violated Section 20(a) of the 1934 Act.

70. As set forth above, the Individual Defendants and Post had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and

11

setting it aside or awarding rescissory damages;

   C. Directing the Individual Defendants to disseminate a Proxy Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

   D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

   E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

   F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff respectfully requests a trial by jury on all issues so triable.

Dated: October 31, 2017    **LAW OFFICES OF JOHN C. CAMILLUS, LLC**

           By: */s/ John C. Camillus*
             John C. Camillus
             Law Offices of John C. Camillus, LLC
             P.O. Box 141410
             Columbus, OH 43214
             Telephone: (614) 558-7254
             Fax: (614) 559-6731
             Email: jcamillus@camilluslaw.com

             *Attorneys for Plaintiff*

**OF COUNSEL:**

**RIGRODSKY & LONG, P.A.**
2 Righter Parkway, Suite 120
Wilmington, DE 19803
Telephone: (302) 295-5310

**RM LAW, P.C.**
1055 Westlakes Drive, Suite 300
Berwyn, PA 19312
Telephone: (484) 324-6800